Battle, J.
 

 The instrument offered by the defendant cannot be taken in any other sense, than as a release by the plaintiff, Brown, of all his interest in the contract for the work and labor done by him and his partner on the house of the defendant. If he alone had made the contract and performed the work, he could not have maintained an action upon it, in the face of such an instrument. See
 
 Stinson
 
 v.
 
 Moody,
 
 3 Jones’ Rep. 53, and the authorities therein referred to. The defence would be clearly admissible under the plea of the gen
 
 *346
 
 eral issue,
 
 non assumpsit.
 
 If one of the plaintiffs be barred, tiren the present action cannot be maintained in the name of himself and his partner, as it is too well settled to require a reference to any authority, that if there be too many plaintiffs, the suit must fail, though some of them may have a good cause of action. This majr be a hard case upon the plaintiff, Gates, for it is possible that there might have been some collusion between the defendant and the other plaintiff to deprive him of his just rights. If so, it may be a question whether lie can obtain relief in. another tribunal. As to that, we give no opinion, it being our duty in the present case, only to say that the action cannot be maintained.
 

 Pee Cueiasi. The judgment must be reversed, and a new trial granted.